[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10839

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                         Plaintiff-Appellee,

*versus*

AMERICO BAUTISTA-VILLARREAL,

                         Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00123-RAL-CPT-1

_____

Case 8:20-cr-00123-RAL-CPT   Document 113   Filed 07/06/23   Page 2 of 9 PageID 410
USCA11 Case: 22-10839   Document: 25-1   Date Filed: 07/06/2023   Page: 2 of 7

2                    Opinion of the Court                    22-10839

_____

No. 22-10840

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                       Plaintiff-Appellee,

*versus*

AMERICO BAUTISTA-VILLARREAL,

                                                       Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00096-RAL-SPF-1

_____

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

      Americo Bautista-Villarreal moves for summary reversal of his 151-month total sentence for conspiracy to possess with intent to distribute a controlled substance and unlawful reentry, prior to

22-10839               Opinion of the Court                3

filing an initial brief. In his motion, Bautista-Villarreal argues that in light of our recent decision in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc), the district court plainly erred in applying a career-offender enhancement under U.S.S.G. § 4B1.1 based partly on his instant conviction for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. The government has not opposed the motion.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).

We review *de novo* the interpretation and application of the Sentencing Guidelines. *See Dupree*, 57 F.4th at 1272. But when a defendant fails to raise an argument before the district court, we review only for plain error. *See United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012); Fed. R. Crim. P. 52(b). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Johnson*, 694 F.3d at 1195 (quotation marks omitted). For an error to be obvious under plain error review, "it must be plain under controlling

Case 8:20-cr-00123-RAL-CPT   Document 113   Filed 07/06/23   Page 4 of 9 PageID 412
USCA11 Case: 22-10839   Document: 25-1   Date Filed: 07/06/2023   Page: 4 of 7

4                          Opinion of the Court                      22-10839

precedent or in view of the unequivocally clear words of a statute or rule." *Id.* (quotation marks omitted). An appellant may satisfy the second prong of the plain-error test by showing that the error is plain at the time of appellate consideration. *See Henderson v. United States*, 568 U.S. 266, 279 (2013). "When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016). Likewise, "[t]he risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain Guidelines error because of the role the district court plays in calculating the range and the relative ease of correcting the error." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018).

A defendant is considered a career offender under the Sentencing Guidelines if (1) he was at least 18 years old when he committed the instant offense of conviction, (2) the "instant offense of conviction is a felony that is either a crime of violence or a controlled substance," and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is an "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled

Case 8:20-cr-00123-RAL-CPT   Document 113   Filed 07/06/23   Page 5 of 9 PageID 413
USCA11 Case: 22-10839   Document: 25-1   Date Filed: 07/06/2023   Page: 5 of 7

22-10839                Opinion of the Court                5

substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). The commentary to § 4B1.2(b) specifies that "controlled substance offense" includes "conspiring . . . to commit such offenses." *Id.*, § 4B1.2, comment. (n.1).

In *Dupree*, we considered whether an inchoate offense qualified as a "controlled substance offense" for purposes of the career-offender enhancement in § 4B1.2(b). *See Dupree*, 57 F.4th at 1271. There, the district court had sentenced Dupree as a career offender based partly on his instant conviction for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. *Id.* After a panel of this Court affirmed Dupree's sentence based on prior panel precedent, we granted Dupree's petition to rehear the case en banc. *Id.* We then held that § 4B1.2(b)'s "controlled substance offense" definition unambiguously excludes inchoate offenses like conspiracy and attempt and that it thus was unnecessary to consider, much less defer to, the commentary to § 4B1.2 stating that "controlled substance offense" includes conspiracy offenses. *See id.* at 1277-79. Applying this holding, we concluded that Dupree's conviction for conspiracy to possess with intent to distribute heroin and cocaine in violation of § 846 was not a controlled substance offense because the plain text of § 4B1.2(b) unambiguously excludes inchoate crimes. *See id.* at 1280. Accordingly, we vacated Dupree's sentence and remanded for resentencing without application of the career-offender enhancement. *See id.*

Case 8:20-cr-00123-RAL-CPT   Document 113   Filed 07/06/23   Page 6 of 9 PageID 414
USCA11 Case: 22-10839   Document: 25-1   Date Filed: 07/06/2023   Page: 6 of 7

6                      Opinion of the Court                    22-10839

We grant Bautista-Villarreal's motion for summary reversal. *See Groendyke Transp., Inc.*, 406 F.2d at 1162; *Johnson*, 694 F.3d at 1195; *Dupree*, 57 F.4th at 1279-80. Bautista-Villarreal failed to raise before the district court the argument that the career-offender enhancement did not apply because his instant conviction for conspiracy to possess with intent to distribute a controlled substance was not a "controlled substance offense" under § 4B1.2(b), so our review is only for plain error. *See Johnson*, 694 F.3d at 1195. But even reviewing for plain error, summary reversal is appropriate because there can be no substantial question as to the outcome of the case. *See Groendyke Transp., Inc.*, 406 F.2d at 1162; *Dupree*, 57 F.4th at 1279-80. The district court plainly erred under now-controlling precedent, *Dupree*, by applying a career-offender enhancement based partly on Bautista-Villarreal's instant conviction for conspiracy to possess with intent to distribute a controlled substance under § 846. *See Dupree*, 57 F.4th at 1279-80; *Henderson*, 568 U.S. at 279. This plain error in applying the career-offender enhancement affected Bautista-Villarreal's substantial rights. It increased his total offense level from 34 to 37 before application of the acceptance-of-responsibility reduction and his criminal history category from IV to VI without the enhancement, and, in turn, increased his resulting guideline range from 151 to 188 months to 262 to 327 months before the downward departure for substantial assistance. Finally, a plain error of sentencing a defendant based on an incorrectly calculated guideline range ordinarily affects a defendant's substantial rights and seriously affects the fairness, integrity or public

Case 8:20-cr-00123-RAL-CPT   Document 113   Filed 07/06/23   Page 7 of 9 PageID 415
USCA11 Case: 22-10839   Document: 25-1   Date Filed: 07/06/2023   Page: 7 of 7

22-10839                Opinion of the Court                7

reputation of the judicial proceedings. *See Rosales-Mireles*, 138 S. Ct. at 1908; *Molina-Martinez*, 578 U.S. at 198. Vacatur of Bautista-Villarreal's sentences on both counts is warranted because his guideline range for both counts was driven by the higher offense level and criminal history category triggered by the career-offender enhancement on the drug conspiracy count and the court sentenced him jointly on both counts using the plainly erroneous guideline range.

In sum, we conclude that Bautista-Villarreal is correct as a matter of law. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. We therefore GRANT Bautista-Villarreal's motion, summarily VACATE his total sentence, and REMAND his case for resentencing consistent with this opinion.

**VACATED AND REMANDED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 06, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-10839-GG  ; 22-10840 -GG
Case Style: USA v. Americo Bautista-Villarreal
District Court Docket No: 8:20-cr-00123-RAL-CPT-1

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers
General Information:    404-335-6100      Attorney Admissions:         404-335-6122

| | | | |
|---|---|---|---|
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion